FITZPATRICK *v.* MANHEIMER.

FRAUD—SALES—VARIANCE.

In an action for fraud, based on a warranty that certain accounts alleged to have been sold by defendants to plaintiff amounted to a given sum, the jury should have been instructed that the plaintiff could not recover, under his declaration, if the accounts were in fact sold to him by a third person who participated in the transaction as principal, and was known to plaintiff to be the real vendor.

Error to Hillsdale; Chester, J.  Submitted January 20, 1909.  (Docket No. 131.)  Decided July 6, 1909.

Case by Merton Fitzpatrick against Sanford Manheimer and Aaron Manheimer, copartners as Manheimer Brothers, for breach of warranty on the sale of certain accounts.  A judgment for plaintiff is reviewed by defendants on writ of error.  Reversed.

*Corvis M. Barre* (*B. E. Sheldon*, of counsel), for appellants.

*Merton Fitzpatrick* and *Grant Fellows*, for appellee.

MONTGOMERY, J.   This action was brought for a

breach of warranty on the sale of book accounts. The declaration alleges that the plaintiff bargained with the defendants to buy of them, the said defendants, certain accounts against numerous and divers parties, and that the said defendants then and there knowingly, falsely, and fraudulently represented and warranted that the total sum of said accounts amounted to the sum of $4,139.37. The declaration avers that these representations were false as to the amount of the accounts. The second count is not different in substance.

On the trial, plaintiff gave testimony showing that he was approached by one Frank Masters, who suggested that he buy the Manheimer accounts. He testified that he understood that the Manheimers still owned the accounts. As a matter of fact, when the sale was concluded, both the Manheimers were present, and two assignments were drawn, one from Manheimer Bros. to Masters, who, it seems, had previously purchased the accounts of Manheimer Bros., and the following assignment to the plaintiff:

"HILLSDALE, MICHIGAN, March 22d, 1906.

"In consideration of $2,000, I hereby sell, assign, transfer, and set over to Merton Fitzpatrick all accounts this day sold to me by Manheimer Bros., hereby giving to said Fitzpatrick the power to collect said accounts the same as I could do.

"FRANK L. MASTERS."

The plaintiff testified that he supposed he was buying the accounts of Manheimer Bros., and that Masters was helping him. He further testified, on cross-examination:

"I didn't know until the accounts were figured up, and I didn't know then what I was going to do, whether Mr. Masters was going to sign a note with me, running to Manheimer Bros., or how it would be fixed. I didn't know anything about how it would be; but, when it come to that, Masters said to me, 'Draw an assignment of these accounts to me,' and I did, and I sat right there and did it, and I also drew one from Mr. Masters to myself. And I gave Mr. Masters my note for $2,000, and he took care of the Manheimers.

" *Q.* And still you say now that you don't know who you bought them of, whether you bought them from Masters or Manheimers?

" *A.* Well, technically speaking, I don't. I gave my note to Masters."

The plaintiff recovered judgment, and the defendants bring error.

The assignments of error are very general, but it is conceded by plaintiff's counsel that assignment of error No. 6 is sufficient to raise the question of whether this action could be maintained against the defendants, even though the sale was a sale from Masters to the plaintiff. The charge of the court excepted to was as follows:

"If these defendants did sell these accounts to Mr. Masters, but, for the purpose of aiding him to sell them, they made representations to this plaintiff regarding the accounts as to their accuracy, or what they were, then I think they would be liable the same as if they had sold them direct to Mr. Fitzpatrick, if you find that these representations are not true, I mean."

It is urged by plaintiff's counsel that the case of an undisclosed principal appears, and that the party to a contract may sue the one contracting as principal, although, in fact, he may be an agent merely. This is undoubtedly true, and it also may be true that, as contended, for a tortious wrong the agent himself may be liable with the principal. But the infirmity in this instruction is that it did not leave to the jury the question of whether the plaintiff knew of the sale to Masters and was dealing with Masters. There was enough upon the face of the papers themselves—that is, the transfers—to raise a question of fact at least as to whether the plaintiff did not deal with Masters as principal, and not with the Manheimers. The declaration was framed upon a warranty. The warranty was alleged to have been given by the defendants upon a sale by them to the plaintiff. There was nothing to apprise the defendants of any claim that the defendants were guilty of a tortious wrong not resting upon con-

tract such as was averred in the declaration, and the averment as to the contract under which the plaintiff purchased was a matter of essential description, and could not be ignored in the proofs.    We are constrained to hold that this assignment of error is well taken.

We do not pass upon the other questions presented, nor do we pass upon the motion to amend the assignments of error, for the reason that a new trial must result from this holding, and the case, if presented for a new trial, may not make a consideration of the other questions necessary. Upon the record as presented, the assignments are too general to be considered without amendment.

The judgment will be reversed, and a new trial ordered.

BLAIR, C. J., and GRANT, MOORE, and MCALVAY, JJ., concurred.